NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CYNTHIA BERRY, *Plaintiff/Appellee,*

*v.*

MICHAEL D. BERRY, *Defendant/Appellant.*

No. 1 CA-CV 26-0065
FILED 8-11-2026

Appeal from the Superior Court in Yavapai County
No. S1300PO202480096
The Honorable Joseph P. Goldstein, Judge *Pro Tempore*

**APPEAL DISMISSED**

APPEARANCES

Michael D. Berry, Camp Verde
*Defendant/Appellant*

Cynthia Berry, Phoenix
*Plaintiff/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge D. Steven Williams delivered the Court's decision in which Judge Anni Hill Foster and Vice Chief Judge David D. Weinzweig joined.

---

**W I L L I A M S**, Judge:

**¶1**　　　　Michael Berry appeals the superior court's summary denial of his motion to modify an order of protection ("OOP") Cynthia Berry obtained against him. For reasons that follow, we dismiss the appeal.

## BACKGROUND

**¶2**　　　　Michael and Cynthia[1] were in the process of divorce when Cynthia obtained *ex parte* an OOP against Michael in August 2024. Michael contested the OOP, and, in October 2024, the superior court held an evidentiary hearing. After that hearing, the court kept the OOP in place and Michael appealed.

**¶3**　　　　On appeal, this court vacated the OOP because the superior court applied the wrong legal standard to the OOP, and "remand[ed] for the [superior] court to apply the proper standard." *Berry v. Berry*, 2 CA-CV 2024-0393-FC, 2025 WL 1898062, at *1, ¶ 1 (Ariz. App. July 9, 2025) (mem. decision).

**¶4**　　　　In August 2025, Cynthia petitioned the superior court to amend the OOP. The following week, without referencing Cynthia's petition, the superior court issued a written order applying the correct legal standard to the evidence presented at the October 2024 contested hearing and ordering that "the protective order remains in effect." Michael then moved to dismiss Cynthia's petition to amend the OOP, which the court, through a new judicial officer, denied. The court scheduled a hearing for October 2025 to address Cynthia's petition.

**¶5**　　　　At the hearing, Cynthia withdrew her petition to amend the OOP. For his part, Michael argued the previous judicial officer erred in continuing the OOP without first holding a new evidentiary hearing. The newly assigned judicial officer explained various options Michael had to

---

[1] We refer to the parties by their first names to avoid confusion.

challenge the superior court's August 2025 order, including his right to appeal.

¶6        Michael never appealed. He did, however, petition this court for special action relief. This court declined to accept special action jurisdiction because the August 2025 order "indicates that the [superior] court applied [the proper legal standard] and left the order of protection in effect." This court also noted that Michael "did not timely appeal" the August 2025 order.

¶7        Michael then moved the superior court to modify the OOP, which the court denied. This appeal followed.

## DISCUSSION

¶8        "[T]his court has an independent duty to determine whether it has jurisdiction to consider an appeal." *Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465 (App. 1997). "[A]ppellate jurisdiction is governed entirely by statute." *Vincent v. Shanovich*, 243 Ariz. 269, 270, ¶ 7 (2017). "We review questions of law, including the interpretation of rules and statutes, *de novo*." *Kamma v. Gaun*, 261 Ariz. 413, 415, ¶ 4 (App. 2025).

¶9        Section 13-3602(H) and Arizona Rule of Protective Order Procedure ("ARPOP") 38(a) entitle the person against whom a protective order is entered to one hearing and one appeal. *See Vera v. Rogers*, 246 Ariz. 30, 35, ¶ 20 (App. 2018). "Once that hearing has been held, an affirmed order of protection may be amended or dismissed only in two ways: (1) by a request of the party protected by the order; or (2) by appeal." *Id.* (citation modified). Appealable orders include, as relevant here, "[a]n Order of Protection . . . that is entered, affirmed, modified, or quashed after a hearing at which both parties had an opportunity to appear." ARPOP 42(a)(2).

¶10        Cynthia withdrew her petition to modify the OOP, and Michael did not timely appeal the August 2025 order continuing the OOP. *See* ARCAP 9(a) ("To appeal a judgment, a party must file a notice of appeal . . . no later than 30 days after entry of the judgment from which the appeal is taken.").

¶11        Michael appeals the superior court's order denying his motion to modify the OOP, which he filed after this court declined special action jurisdiction. Two independent defects deprive us of jurisdiction.

3

**¶12**        First, as explained above, once an OOP is affirmed after a hearing, it may be amended or dismissed only on the protected party's request or by timely appeal—and neither occurred here.

**¶13**        Second, motions by a defendant to modify an OOP are not allowed. *See* ARPOP 40(a). And that makes sense "to avoid potential harassment from a defendant who might repeatedly seek reconsideration or modification of a protective order." *Vera*, 246 Ariz. at 35, ¶ 21.

**¶14**        Without an appealable order, we lack jurisdiction to consider Michael's appeal. *See Williams v. Williams*, 228 Ariz. 160, 164, ¶ 11 (App. 2011) ("This Court lacks jurisdiction to consider appeals from non-appealable orders.").

**¶15**        Cynthia requests an award of attorneys' fees and costs under A.R.S. § 12-349. Because Cynthia is self-represented, we decline her request for attorneys' fees. *See Munger Chadwick, P.L.C. v. Farwest Dev. & Constr. of the Sw., LLC*, 235 Ariz. 125, 126, ¶ 5 (App. 2014) ("In Arizona, it is the rule that parties who represent themselves in a legal action are not entitled to recover attorney fees."). She also requests sanctions against Michael under A.R.S. § 12-349(A)(1), (3) and (F) and ARCAP 25. In our discretion, we award Cynthia her taxable costs upon compliance with ARCAP 21. *See* ARCAP 25 ("An appellate court may impose sanctions on . . . a party if it determines that an appeal . . . [is filed in] violation of these Rules.").

**CONCLUSION**

**¶16**        We dismiss Michael's appeal.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:        JT

4